UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-155-FDW

| ERIC S. JONES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| R. WESTBROOK, Detention Officer Cleveland County Sheriff's Dept., ALAN NORMAN, Sheriff, F.A. JONES, Deputy Sgt. Cleveland County Detention Center, FNU LOTT, Grievance Officer of Cleveland County Detention Center, | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). On April 10, 2014, in response to Plaintiff's application to proceed in forma pauperis, the Court entered an Order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 22).

**I.    BACKGROUND**

Pro se Plaintiff Eric S. Jones, a state court inmate currently incarcerated at Randolph Correctional Center, filed this action on June 5, 2013, pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff names as Defendants the following persons: R. Westbrook, identified as a detention officer at the Cleveland County Detention Center; Sheriff Alan Norman, identified as the Sheriff of Cleveland County; F.A. Jones, identified as a Cleveland County Sheriff's Deputy; and FNU Lott, identified as a grievance officer with the Cleveland County Detention Center.

1

(Doc. No. 1 at 3). Plaintiff alleges that the following occurred on March 25, 2013, while Plaintiff was a pre-trial detainee at the Cleveland County Detention Center:

> Officer R. Westbrook—On Mar. 25, 2013 between 7-7:30 am opened my cell door on video. She proceeded to throw and strike me with a roll of tissue. I had recently returned from hospital for angina of the heart Mar. 13, 2013. I awoke in shock with extreme chest pain and headache. Every night after this incident I was awakened by extreme chest pain and elevated abnormal blood pressure. I complained to medical staff about my pre-dawn chest pain. They placed me under observation for a week during pre-dawn hrs. My abnormally high vitals during this observation substantiated my claim of distress. They immediately placed me on a higher potency cardio-vascular medication to stabilize my pre-dawn distress.

(Doc. No. 1 at 4). Plaintiff claims that the alleged conduct by Defendant Westbrook violated his right as a pre-trial detainee to due process under the Fourteenth Amendment. (Id. at 5). Plaintiff seeks compensatory damages and injunctive relief against Defendants.[1] (Id. at 4). Plaintiff attached to the Complaint his grievance arising out of the alleged incident, and it appears that he exhausted his administrative remedies before bringing this action. See (Doc. No. 1-1 at 3-7).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A, in any action against a government employee, the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

---

[1] The only request addressing compensatory damages is Plaintiff's request in his prayer for relief that Defendants "pay cost of court." (Doc. No. 1 at 4). The Court will construe this as a request for damages, but as noted, infra note 2, Plaintiff's request for injunctive relief is moot because he is no longer incarcerated at the Cleveland County Detention Center.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

Because Plaintiff was a pre-trial detainee at all relevant times, the due process clause of the Fourteenth Amendment, rather than the cruel and unusual punishment clause of the Eighth Amendment, applies to his excessive force claim. As a practical matter, however, courts do not distinguish between the Eighth and Fourteenth Amendments in the context of pre-trial detainees' claims under § 1983. See Hill v. Nicodemus, 979 F.2d 987, 990-92 (4th Cir. 2013). The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Albers, 475 U.S. at 320-

3

21.

Furthermore, the Supreme Court has recently reiterated that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 130 S.Ct. 1175, 1178-79 (2010). In Wilkins v. Gaddy, the Supreme Court observed:

> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." The extent of injury may also provide some indication of the amount of force applied. As we stated in Hudson, not "every malevolent touch by a prison guard gives rise to a federal cause of action." "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts.

Id. at 1178-79 (citations omitted).

The Court will dismiss this action for failure to state a claim.[2] After Wilkins, it is now clear that an excessive force claim will not fail merely because a plaintiff's injury was de minimis. To be sure, however, and even after Wilkins, as a matter of law a single incident of an officer throwing a roll of tissue paper into a cell at a prisoner does not rise to the level of a constitutional violation. Accord Baker v. Reitz, Civil No. 1:cv-12-1452, 2012 WL 6055591, at

---

[2] Even if Plaintiff had stated a claim for relief as to Defendant Westbrook, the Complaint would be subject to dismissal as to the other Defendants for other reasons, such as the fact that defendant supervisors cannot be held under a theory of respondeat superior. Furthermore, any injunctive relief sought by Plaintiff is moot because he has been transferred away from the Cleveland County Detention Center. Finally, Plaintiff alleges vaguely that the other Defendants denied him access to the courts because they refused to allow him to file a claim with a state magistrate. Given that Plaintiff was able to file this lawsuit raising his claim, he has no claim against any of the Defendants for denial of access to the courts.

*2 (M.D. Pa. Dec. 6, 2012) (holding that the plaintiff failed to state a claim for excessive force where a prison employee struck a plaintiff with a rolled-up grievance while yelling at him).

## IV. CONCLUSION

In sum, the Complaint is dismissed for failure to state a claim under Section 1915(e)(2).

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is dismissed with prejudice for failure to state a claim under 1915(e).

Signed: April 22, 2014

Frank D. Whitney
Chief United States District Judge